

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-3-2007

# Muljono v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2832

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Muljono v. Atty Gen USA" (2007). *2007 Decisions*. Paper 814.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/814

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-2832

———

EDDY MULJONO,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES; SECRETARY OF THE
DEPARTMENT OF HOMELAND SECURITY

———

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(Agency No. A79-734-291)
Immigration Judge: Charles M. Honeyman

———

Submitted pursuant to Third Circuit LAR 34.1(a)
June 19, 2007

———

Before: McKEE, FISHER, and CHAGARES, <u>Circuit</u> <u>Judges</u>.

(Filed: July 3, 2007)

———

OPINION OF THE COURT

———

CHAGARES, <u>Circuit</u> <u>Judge</u>:

Eddy Muljono petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) denial of asylum and withholding of removal pursuant to the Immigration and Nationality Act (INA), and protection under the Convention Against Torture (CAT). We will dismiss the petition in part and deny it in part.

I.

As we write only for the parties, we do not set out the facts in great detail. Muljono, an ethnically Chinese Christian, is a citizen and native of Indonesia. On or about July 11, 2000, Muljono entered the United States pursuant to a non-immigrant visa, which permitted him to remain in this country until December 11, 2000. Muljono overstayed his visa, and the Government initiated removal proceedings on March 10, 2003. Thereafter, Muljono sought asylum and withholding of removal on the grounds that he feared persecution on the basis of his ethnicity and religion. Following a hearing on Muljono's application for relief, the IJ declined to grant Muljono relief, and the BIA affirmed this denial without opinion. Muljono thereafter filed the present petition for review.

We have jurisdiction to review the BIA's final orders of removal. <u>See</u> 8 U.S.C. § 1252(a). Where, as here, the BIA affirms without opinion, "we review the IJ's opinion and scrutinize its reasoning." <u>Smriko v. Ashcroft</u>, 387 F.3d 279, 282 (3d Cir. 2004)

2

(internal quotation omitted). We must defer to the IJ's factual findings -- including his determinations as to past persecution and a well-founded fear of future persecution -- as long as they are supported by substantial evidence. See Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001). "If a reasonable fact finder could make a particular finding on the administrative record, then the finding is supported by substantial evidence." Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003) (en banc).

II.

As the Government correctly points out, Muljono did not appeal the IJ's denial of asylum and CAT relief to the BIA. Muljono also failed to raise either issue in his opening brief, and moreover explicitly waived his asylum claim. See Muljono Br. at 4, n.1. Accordingly, we will dismiss this aspect of his petition. See Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003) (holding that judicial review of final orders of removal is available "only if the alien has exhausted all administrative remedies available to the alien as of right").

The sole issue that Muljono has preserved is his challenge to the IJ's finding that he was not entitled to withholding of removal pursuant to the INA. The INA mandates the withholding of a removal that would threaten an alien's life or freedom on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(A). To obtain mandatory withholding of removal under the INA, Muljono must "establish by a 'clear probability' that his/her life or freedom would be

threatened in the proposed country of deportation." Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir.2003). "'Clear probability' means that it is 'more likely than not' that an alien would be subject to persecution." Id. Finally, to qualify for relief under the INA, a petitioner must show that the persecution would be "committed by the government or forces the government is unable or unwilling to control." Vente v. Gonzales, 415 F.3d 296, 300 (3d Cir. 2005).

Muljono concedes that he has not suffered any past treatment that would rise to the level of persecution, see Muljono Br. at 5, but claims that he nonetheless fears future persecution if deported to Indonesia. Muljono cites no evidence, however, to support this claim save that which he concedes is insufficient to show past persecution. Moreover, Muljono does not contest the IJ's conclusion that although "attacks on Chinese Christians in Indonesia have not been totally eliminated by the government," the Indonesian government continues to take steps to reduce violence against Chinese Christians. 22A-23A. Given the concededly insufficient evidence Muljono has offered to demonstrate the likelihood of future persecution, and given the Indonesian government's ongoing efforts to eliminate persecution of Chinese Christians, we are constrained to deny this aspect of Muljono's petition in light of the deferential standard of review we apply.

### III.

For the foregoing reasons, we will dismiss the petition for review in part, and deny it in part.

4